UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MARY DANGELO,                                                    Civil Action No.
on behalf of herself and all others similarly
situated

                Plaintiffs,                          **<u>CLASS ACTION</u>**
                                                               **<u>COMPLAINT</u>**

      v.

                                                               **NO JURY TRIAL**
SYNERGETIC COMMUNICATION, INC.                                 **DEMANDED**


             Defendant.
-------------------------------------------------------X


Plaintiff, by and through her counsel, Gus Michael Farinella, Esq., as and for her complaint against Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## **<u>INTRODUCTION</u>**

1. Mary Dangelo ("Plaintiff"), on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Synergetic Communication, Inc. ("SCI" or "Defendant") in connection with their attempts to collect alleged debts from herself and others similarly situated.

2. Plaintiff alleges that SCI's debt collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

   a. The acts giving rise to this lawsuit occurred within this District; and

   b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Mary Dangelo is an individual natural person who at all relevant times resided in the City of Williston Park, County of Nassau, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, SCI, at all times relevant hereto, is and was a Corporation with offices located at 5450 N.W. Central #220 Houston, TX 77092.

10. The principal purpose of SCI is the collection of debts using the mail and telephone.

11. SCI regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. SCI is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

**FACTS**

13. Sometime prior to May 1, 2016 the Plaintiff allegedly incurred a debt owed to American Honda Finance Corporation (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal car loan in Plaintiff's name

15. The car loan debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's Debt was placed with Defendant for collection.

18. On or about June 16, 2017, SCI mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the letter dated June 16, 2017 but with redactions, sent by SCI to the Plaintiff)

19. Plaintiff received the letter attached as Exhibit A in the mail.

20. Plaintiff reviewed the letter attached as Exhibit A upon receipt of said letter in the mail.

21. Exhibit A seeks to collect the Debt.

22. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

23. Exhibit A represents SCI's initial collection "communication" with the Plaintiff as communication is defined by 15 U.S.C. §1692a(2).

24. The letter attached as Exhibit A directly refers Plaintiff to Defendant's website to make payment on the Debt.

3

25. The letter attached as Exhibit A provided Plaintiff with an Account ID and Account number in order for Plaintiff to log into their account on the Defendant's website and to make a payment.

26. The letter attached as Exhibit A states in relevant part:

> To make a payment online, please visit us at www.syncomcorp.net and click on "Make a Payment"
>
> Long in using Account ID: XXX and Account # xxxx183

27. Plaintiff visited the website www.syncomcorp.net referred to in the letter attached as Exhibit A to make payment.

28. Plaintiff entered the Account ID and Account number provided by Defendant in Exhibit A and was taken to a payment screen.

29. Plaintiff selected the link to pay by credit card.

30. After selecting the link, the website went to a page where Plaintiff could pay the Debt by credit card. At the top of the page was the following statement:

> A fee of $8.00 will be added to the payment.
>
> (Annexed and attached hereto as Exhibit B is a printout from SCI's website referred to in Exhibit A showing the above language)

31. Plaintiff, not wanting to pay an extra $8.00 fee, then selected the link to pay by "Check/Savings".

32. After selecting the "Check/Savings" link, the website went to a page where Plaintiff could pay the Debt by check from a checking account at a bank. At the top of the page was the following statement:

> A fee of $8.00 will be added to the payment.
>
> (Annexed and attached hereto as Exhibit C is a printout from SCI's website referred to in Exhibit A showing the above language)

33. The two options for individuals to make payments to SCI mentioned in the letter attached as Exhibit A were by credit card or check. On the website for payment that SCI referred Plaintiff to in Exhibit A, SCI added a mandatory fee of $8.00 that was to be retained by SCI in addition to the principal balance of the Debt.

34. SCI automatically adds a non-optional $8.00 fee to any payment made by credit card through the website referred to in Exhibit A.

35. SCI automatically adds a non-optional $8.00 fee to any payment made by through a checking or savings account through the website referred to in Exhibit A.

36. SCI does not offer any payment options on their website that do not include a non-optional $8.00 fee.

37. SCI attempted to collect the $8.00 fee from Plaintiff. *See* Exhibit B.

38. SCI attempted to collect the $8.00 fee from Plaintiff. *See* Exhibit C.

39. SCI sought to collect a fee from Plaintiff in addition to the total balance she allegedly owed on the underlying Debt to American Honda Finance Corporation by adding a $8.00 fee when she attempted to pay the Debt by credit card.

40. SCI sought to collect a fee from Plaintiff in addition to the total balance she allegedly owed on the underlying Debt to American Honda Finance Corporation by adding a $8.00 fee when she attempted to pay the Debt via her checking account.

41. The $8.00 fee representation made by SCI was addressed to  Plaintiff and Plaintiff was injuriously exposed to said representation.

42. The $8.00 fee is not expressly authorized by any agreement.

43. The $8.00 fee is not permitted by New York state law.

44. SCI's debt collection practice is largely automated and utilized standardized form letters.

5

45. Exhibit A is a standard form letter.

46. Documents in the form represented by Exhibit A are regularly sent by SCI to collect debts from consumers.

47. SCI mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom SCI attempted to collect a consumer debt.

48. SCI collected, or attempted to collect, an unauthorized fee from at least 40 persons residing in the state of New York within one year of the date of this Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**

<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>(15 U.S.C. §1692e)</u>

49. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. In sending the letter attached as Exhibit A and adding a $8.00 fee to payments made by credit card through the website referred to in Exhibit A for payment, SCI violated 15 U.S.C. §1692e(2)(B) and §1692e(10).

51. In sending the letter attached as Exhibit A and adding a $8.00 fee to payments made by check through the website referred to in Exhibit A for payment, SCI violated 15 U.S.C. §1692e(2)(B) and §1692e(10).

52. 15 U.S.C. §1692e provides:

**§1692e.    False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

53. While 15 U.S.C. §1692e prohibits certain practices, the list is non-exclusive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

54. In considering whether a collection notice violates 15 U.S.C. §1692e, Courts in the Second Circuit apply the "least sophisticated consumer" standard. *See* Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

55. SCI violated 15 U.S.C. § 1692e(2)(B) by making a false representation that it was legally entitled to assess, receive, and retain compensation for collection of the Debt in the form of an $8.00 fee. SCI attempted to charge Plaintiff an amount in excess of what they actually owed to American Honda Finance Corporation under the guise of a fee for payments made by credit card through their website. This $8.00 fee, which is not expressly authorized by agreement nor permitted by New York law, is a false representation that SCI is entitled to compensation for the collection of the Debt, and thus a violation of §1692e(2)(B).

56. SCI violated 15 U.S.C. § 1692e(2)(B) by making a false representation that it was legally entitled to assess, receive, and retain compensation for collection of the Debt in the form of an $8.00 fee. SCI attempted to charge Plaintiff an amount in excess of what they actually owed to American Honda Finance Corporation under the guise of a fee for

payments made via a checking account through their website. This $8.00 fee, which is not expressly authorized by agreement nor permitted by New York law, is a false representation that SCI is entitled to compensation for the collection of the Debt, and thus a violation of §1692e(2)(B).

57. SCI violated 15 U.S.C. § 1692e(10) by making a false representation that it was entitled to receive compensation for payment of the Debt by credit card. Defendant attempted to charge Plaintiff an amount in excess of what she actually owed in the guise of a $8.00 fee for payment of the Debt by credit card through their website. This $8.00 fee, which is not expressly authorized by agreement nor permitted by law, is a false, deceptive, or misleading representation made in connection with the collection of the Debt, and thus a violation of §1692e(10).

58. SCI violated 15 U.S.C. § 1692e(10) by making a false representation that it was entitled to receive compensation for payment of the Debt by check. Defendant attempted to charge Plaintiff an amount in excess of what she actually owed in the guise of a $8.00 fee for payment of the Debt by check through their website. This $8.00 fee, which is not expressly authorized by agreement nor permitted by law, is a false, deceptive, or misleading representation made in connection with the collection of the Debt, and thus a violation of §1692e(10).

59. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was mailed and directed to her.

60. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA

results in concrete harm to Plaintiff. *See* Bautz v. ARS National Services Inc., 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016); Papetti v. Doe, 2017 U.S. App. LEXIS 9165 (2d Cir. May 26, 2017) (Summary Order).

61. Be reason thereof, Defendant is liable to the Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLAIMS FOR RELIEF

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692f)

62. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

63. In sending the letter attached as Exhibit A and charging a fee for payments made through their website referenced in Exhibit A, SCI violated 15 U.S.C. §1692f(1).

64. Section 1692f provides:

**§1692f.       Unfair practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

9

65. SCI violated 15 U.S.C. §1692f(1) because the non-optional $8.00 fee added to all payments made by credit card and/or check through SCI's website is not expressly authorized by agreement nor permitted by New York law.

66. SCI violated the FDCPA by attempting to collect an amount in excess of which it was authorized to collect by adding on an $8.00 fee to all payments made by credit card or check through its website referred to in Exhibit A.

67. The notification and attempted collection of the $8.00 fee is unlawful. *See e.g.* Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account."), McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected ort attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt); Quinteros v. MBI Assocs., 999 F. Supp. 2d 434 (E.D.N.Y. Feb.27, 2014) (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

68. SCI's non-optional fee for payments by credit card and/or check violated 15 U.S.C. §1692f(1) by engaging in unfair practices by attempting to collect an amount that was not authorized by contract or permitted by law.

69. Be reason thereof, Defendant is liable to the Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692f and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

70. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

71. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

72. This cause of action is brought on behalf of Plaintiff and the members of the following class.

73. The class consists of (a) all individual natural persons (b) with a New York address (c) whom Defendant mailed a letter materially identical to Exhibit A (d) that referred the consumer to Defendant's website for payment (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

74. The class definition above may be subsequently modified or refined.

75. The proposed classes specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

76. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

i.  **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692f, (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

      iv.    **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

      v.    **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

77. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

78. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.   Individual actions are not economically feasible;

b.  Members of the class are likely to be unaware of their rights; and

c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1.  An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2.  Adjudging that SCI violated 15 U.S.C. §§1692e, 1692e(2)(B), 1692e(10), 1692f, and 1692f(1);

3. An award of statutory damages for Mary Dangelo and the class pursuant to 15 U.S.C. §1692k;

4.  Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5.  Such other and further relief as the Court deems proper.

Dated:  Floral Park, New York
        July 21, 2017

THE PLAINTIFF

/s/ Gus Michael Farinella

By:_____
        Gus Michael Farinella, Esq.
        Law Offices of Gus Michael Farinella PC
        *Attorney for Plaintiff*
        110 Jericho Turnpike – Suite 100
        Floral Park, NY 11001
        Tel: (212) 675-6161

Fax: (212) 675-4367
gmf@lawgmf.com


## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Gus Michael Farinella
By:_____
    Gus Michael Farinella